**In re Peter LARSEN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 89–SP–1424.**

District of Columbia Court of Appeals.

Submitted Oct. 27, 1992.
Decided Nov. 22, 1993.

Before FERREN and WAGNER, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

On April 12, 1991, we disbarred respondent from the practice of law but stayed the disbarment and placed respondent on probation for three years. *In re Larsen,* 589 A.2d 400 (D.C.1991). *See In re Kersey,* 520 A.2d

321, 326–28 (D.C.1987). Subsequently, the Board of Professional Responsibility (Board) conditioned probation on (1) respondent submitting to psychiatric counseling for three years; and (2) respondent fully cooperating with appointed counsel who would monitor respondent's law practice.

On November 21, 1991, Bar Counsel filed a petition to revoke respondent's probation for failure to fulfill the enumerated conditions. Respondent filed no opposition and did not appear at the subsequent hearing which concluded that he "had violated the conditions of his probation." The Board recommends that Mr. Larsen's suspension from disbarment be vacated and that he be disbarred from practicing law in the District of Columbia.

We are required to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar Rule XI, § 9(g). *In re Morris*, 495 A.2d 1162 (D.C. 1985). We accept the Board's factual findings and adopt their recommended discipline. A copy of the Board's Report and Recommendation is attached hereto.

Peter Larsen is hereby disbarred from practicing law in the District of Columbia.

*So ordered.*

## ATTACHMENT

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

Peter F. Larsen,

Respondent.

Bar Docket No. 445–89

*REPORT AND RECOMMENDATION*

Acting on a Report and Recommendation issued by this Board, the District of Colum-

bia Court of Appeals, on April 12, 1991, ordered that Respondent, Peter F. Larsen, be disbarred.[1] *In re Larsen*, 589 A.2d 400 (D.C.1991). However, finding that the procedures established in *In re Kersey*, 520 A.2d 321, 326–28 (D.C.1987) should be followed, the Court stayed the disbarment and placed Respondent on probation for three years. The Board then took action to implement the Court's order by establishing the conditions of Respondent's probation.

In an order we entered on June 20, 1991, we required that Respondent be counseled by a psychiatrist for three years and that the psychiatrist submit monthly reports to the Board. We also appointed a local practitioner, Mark Carlin, Esq., to monitor Respondent's law practice. Respondent was required to meet with Mr. Carlin regularly "to review Respondent's open cases in order to satisfy Mr. Carlin that Respondent was practicing law in accordance with the D.C. Rules of Professional Conduct." Respondent was also required to grant Mr. Carlin access to his personal and professional financial records.

On November 21, 1991, Bar Counsel filed a petition to revoke Respondent's probation because Respondent had failed to fulfill these conditions. Information had been received by Bar Counsel from the practice monitor that Respondent had not met with Mr. Carlin, had not given Mr. Carlin the required access to his personal and professional financial records, and had not been regularly meeting with a psychiatrist. In addition, in October, 1991, the Maryland Court of Appeals had itself revoked Respondent's probation there for violation of separate conditions set by that Court.

Respondent filed no opposition to Bar Counsel's petition, which was heard by Hearing Committee No. 2 on December 3, 1991.

---

1. Respondent initially came before the Board for reciprocal discipline based on disciplinary violations adjudicated by the Court of Appeals of Maryland on November 28, 1989. Although Respondent was initially ordered suspended in Maryland, he was allowed to resume practice there in January 1990, under probationary conditions imposed by the Maryland Court of Appeals.

Respondent did not appear at the hearing although he received proper notice. In a carefully drafted report dated February 13, 1992, from which we quote, the Hearing Committee summarized the proceedings as follows:

Bar Counsel called Mr. Carlin as a witness. He testified that he wrote Respondent on June 25, 1991, shortly after being appointed, and asked that Respondent call him. Respondent did so on July 15. He told Mr. Carlin that he had no practice in the District of Columbia, and in response to Mr. Carlin's request, he promised to provide a client list.

When Mr. Carlin did not hear from Respondent, he wrote again on August 2, 1991, asking for the client list by September 1. On September 4, Mr. Carlin received a handwritten note from Respondent stating:

I have, as of September 1st discontinued all of my practise [*sic*] in both the District and Maryland. There are, therefore, no cases to report on nor any activity to report.

Mr. Carlin filed his first quarterly report with the Board on September 16, 1991. In that report, Mr. Carlin noted the apparent inconsistency between Respondent's oral representation in July 1991 that he had no practice in the District of Columbia, and his statement in the note of September 4 that he had discontinued his practice in the District and Maryland only as of September 1. Mr. Carlin forwarded a copy of the report to Respondent with a letter requesting "a copy of all documents evidencing (a) all sources of professional income and (b) all sources of personal income, for the period January 1, 1991 through September 30, 1991." Mr. Carlin also renewed his request for a detailed list of respondent's clients, and imposed a deadline of October 15, 1991.

On November 12, 1991, Mr. Carlin wrote the Board advising of Respondent's failure to provide the requested materials.

Bar Counsel also submitted evidence at the hearing that the Board had received no reports from Respondent's psychiatrist, as required by the Board's order. In addition, Bar Counsel introduced a certified copy of the opinion of the Court of Appeals of Maryland, dated October 4, 1991, placing Respondent on indefinite suspension for violating the conditions of his suspension in that state.

At the direction of the Committee, Respondent was personally served with the transcript of the hearing and invited to submit proposed findings of fact and conclusions of law. Respondent filed a letter dated January 7, 1991 [really sent in 1992]. He asserted that he had handled no cases in the District of Columbia or Maryland since his suspension in Maryland on October 4, 1991. He noted further that he had discontinued psychiatric treatment because he could not afford it. And, significantly, he stated that he "cannot dispute any allegations" that Mr. Carlin or Bar Counsel "have found it necessary to lodge against me." Respondent appealed for leniency from this tribunal. [Citations and footnote omitted].

Based on this uncontroverted evidence, the Hearing Committee concluded that Respondent had violated the conditions of his probation: (1) that, through January 1993, he submit to counseling by a psychiatrist who files monthly reports with the Board; (2) that he permit the practice monitor to review his open cases to determine if he is in compliance with the Rules of Professional Conduct; and (3) that he allow the practice monitor access to his personal and professional financial records.

### Conclusions of Law

In our Report of September 28, 1990, on which the Court acted, we laid out procedures to be followed if it appeared that Respondent violated the conditions of his probation. The Court imposed these procedures. If Respondent were found to have violated his probation conditions:

Respondent would be suspended from practice in the District of Columbia immediately. The Board would then determine whether or not Respondent's violation requires probation revocation and would so recommend to the Court. Any party will

have the right to petition the Board for a stay of the suspension pending its decision and the Board's decision on revocation may then be appealed to the District of Columbia Court of Appeals.

On March 23, 1992, based on the findings made by Hearing Committee No. 2, we entered an Order suspending Respondent, from the practice of law in the District of Columbia. A copy of that Order is annexed hereto. In the instant Report and Recommendation, we take the next step and recommend to the Court that Respondent's probation be revoked.

While we are sympathetic with Respondent's situation, Respondent did commit a disciplinary offense that warranted disbarment in the District of Columbia by reciprocal discipline based on misconduct duly adjudicated by the Maryland Court of Appeals. Because of an extension by our Court of the principles established in *Kersey* to Respondent's mental condition, Respondent's disbarment was suspended and he was placed on probation. This, in effect, gave Respondent "another chance." Respondent forfeited this chance when he failed to meet the conditions of his probation.

Respondent has not furnished meaningful justification for his failure to comply. He did not seek to modify the terms of the probation if those we imposed could not be complied with. As he did in Maryland, Respondent disregarded the conditions of his probation here. The Board has no alternative but to recommend that Respondent's probation be revoked by the Court.

Under the circumstances of this case, the suspension of Respondent's disbarment should be vacated and Respondent should be disbarred from practicing law in the District of Columbia.

BOARD ON PROFESSIONAL RESPONSIBILITY

By:_____

    Charles R. Donnenfeld

    Chair

Dated: April 9, 1992

All members join in this Report and Recommendation except for Members Carter and Williams, who did not participate.